UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAUREN DOUPHIN,**

Plaintiff,

-vs-                                                                  Case No. 6:10-cv-1603-Orl-28GJK

**KUSHNER MANAGEMENT d/b/a**
**BARRINGTON APARTMENTS,**

Defendant.

_____

# ORDER

This cause is before the Court on Defendant's Motion to Dismiss and Motion to Take Judicial Notice ("Motion") (Doc. 5). Plaintiff was granted an extension of time to respond to Defendant's Motion to December 28, 2010 (Doc. Nos. 7, 10) but did not respond within the time allowed and the time to do so has passed. For the reasons stated below, the Motion is due to be granted.

Plaintiff alleges in her Complaint that she received a Notice of Right to Sue from the EEOC dated July 28, 2010 regarding her "charges" and claims the Notice is attached to the Complaint as Exhibit "C" (Doc. 1 ¶9). There is no Exhibit "C" attached to the Complaint.[1] Plaintiff further claims that she has met all conditions (or they have been waived) precedent to the filing of her lawsuit. (Id., ¶ 12).

---

[1] Exhibit "A" and "B" are also not attached although referred to in the Complaint. (Doc. 1, ¶ 7, 8).

Defendant however, has attached to his Motion a copy of a Notice of Determination of No Cause dated July 28, 2010, from the Florida Commission on Human Relations ("FCHR") as to the complaint of discrimination in violation of the Florida Civil Rights Act ("FCRA") of 1992, filed before them by Plaintiff. (Doc. 5-1). Plaintiff's complaint of discrimination under the FCRA before the FCHR was dismissed and Plaintiff was notified that she had thirty-five (35) days from July 28, 2010 to request an administrative hearing, and that failure to do so would result in her claim being barred pursuant to Section 760.11, Florida Statutes. (Id.)

Plaintiff has not alleged that she requested (or received) an administrative hearing as to her complaint of discrimination under the FCRA (Count II). Defendant represents that Plaintiff did not request an administrative hearing (Doc. 5, p. 5).

Plaintiff also seeks relief for pregnancy discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(k), § 2000(e-2)(a)(1) (Count I) and Mental and Emotional Distress (Count III).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff has not done so. Plaintiff failed to attach her exhibits to her Complaint, which in this case, is fatal to surviving dismissal as there is nothing to indicate that Plaintiff has exhausted her administrative remedies. Nor has Plaintiff responded to Defendant's Motion, which this Court now takes as unopposed. Further, the Court takes Judicial Notice of the FCHR's no cause determination of the Pregnancy Discrimination in Violation off the Florida Civil Rights Act.

There being no evidence that Plaintiff received a Notice of Right to Sue letter as to her Count I claim of discrimination,[2] Count I is dismissed without prejudice. ("Before instituting a Title VII action in federal district court, a private plaintiff must file an [Equal Employment Opportunity Commission ("EEOC")] complaint against the discriminating party *and* receive statutory notice from the EEOC of [ ] her right to sue the respondent named in the charge." (Emphasis added). Burnett v. City of Jacksonville, FL., 376 Fed. Appx. 905, 906 (11th Cir. 2010), quoting Forehand v. Fla. State Hosp. at Chattahoochee, 89 F. 3d 1562, 1567 (11th Cir. 1996)).

The claims of Count II being barred for Plaintiff's failure to timely request an administrative hearing, Count II is dismissed with prejudice.

Finally, Plaintiff fails to allege facts sufficient to sustain a claim for intentional infliction of emotional distress. "To state a claim for intentional infliction of emotional distress under Florida law, Plaintiff must establish the following:(1) Defendant acted recklessly or intentionally; (2) Defendant's conduct was extreme and outrageous; (3) Defendant's conduct caused Plaintiff emotional distress; and (4) Plaintiff's emotional distress was severe." Urquiola v. Linen Supermarket, Inc., No. 94-14-CIV-ORL-19, 1995 WL 266582 at *4 (M.D. Fla. Mar. 23, 1995), citing to Metropolitan Life Ins. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985). Plaintiff has not alleged that Defendant's conduct was extreme and outrageous, nor does she offer any facts to support such a conclusion, offering only that the reasons for her

---

[2] Defendant asserts that the claim at the EEOC is ongoing and counsel for Plaintiff represented to counsel for Defendant that he had no record of receiving such a Notice (Doc. 5, p.3).

termination were pre-textual and a direct result of her gender. (Doc. 1, ¶ 18). This does not meet the standard adopted by the Florida Supreme Court that the conduct must be so outrageous and so extreme "as to be beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan Life Ins., 467 So. 2d at 278. Count III is dismissed without prejudice.

The Clerk of the Court is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 25 day of January, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party